IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSE RICARDO GUZMAN,<br><br>    Plaintiff,<br><br>v.<br><br>D & S CAPITAL, LLC, d/b/a ROCKVILLE SUNOCO, HYAN CHAN DANNY SHIN, and IN SOOK SHIN,<br><br>    Defendants. | Civil No.: MAB 14-CV-01799 |

OPINION

Barnett, Judge:[1]  Plaintiff, Jose Ricardo Guzman, brings suit against Defendants, D & S Capital, LLC ("D&S"), Hyun Chan Danny Shin ("Danny Shin"), and In Sook Shin (together, "Defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for unpaid overtime wages.  Defendants now move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's complaint for failing to state a claim upon which relief can be granted.[2]  For the reasons discussed below, the court grants, in part, and denies, in part, Defendants' motions to dismiss.

---

[1] Judge Mark A. Barnett of the United States Court of International Trade, sitting by designation.
[2] Defendants D&S and Danny Shin filed separate, but similar, motions to dismiss, (ECF Nos. 5, 8), and subsequently filed a joint reply, (ECF No. 12), to Plaintiff's opposition, (ECF No. 11).  Defendant In Sook Shin later filed her motion to dismiss, in which she adopted and incorporated by reference the motions to dismiss of D&S and Danny Shin. (ECF No. 16.)  Plaintiff adopted his earlier opposition to the D&S and Danny Shin motions in opposition to In Sook Shin's motion.  (ECF No. 17.)  In light of the overlap in the three motions to dismiss, the court addresses all of them simultaneously.

## BACKGROUND

Plaintiff worked as a mechanic for Defendants from 2001 through March 20, 2014.  (Compl. ¶¶ 2, 5, 14-15.)[3]  During this period, Danny and In Sook Shin owned, operated, and "controlled, and were in charge of, the day-to-day operations" of D&S. (Compl. ¶¶ 2, 4, 8, 13.)  They "had the power to hire, fire, suspend, and otherwise discipline Plaintiff."  (Compl. ¶ 9.)  They "supervised [his] work duties . . . to ensure his work was of sufficient quality," "set and controlled [his] work schedule or had the power to set and control [his] work schedule," and "set and determined [his] rate and method of pay or had the power to set and determine [his] rate and method of pay."  (Compl. ¶¶ 10-12.)

At D&S, and with Danny and In Sook's Shin's knowledge, Plaintiff averaged about fifty hours of work per week.  (Compl. ¶¶ 18-19.)  Defendants paid him, on a piece rate basis, approximately $700 per week.  (Compl. ¶¶ 16-17.)  Plaintiff alleges that Defendants paid him "a portion of his wages via cash, and a portion via check. . . . in an effort to hide the actual numbers of hours that Plaintiff worked and the actual pay Plaintiff received."  (Compl. ¶ 22.)  Plaintiff further alleges that "Defendants failed to

---

[3] Danny Shin declares that Plaintiff's employment by D&S began in July 2008.  (Danny Shin Aff. ¶ 5, July 7, 2014.)  Danny Shin further declares that Plaintiff was employed by Shin's Auto Service, which was owned by Mr. Shin, from approximately 2001 to 2005. (Danny Shin Aff. ¶¶ 4-5.)  These differences are immaterial at this time because of the standards applicable to consideration of a motion to dismiss, see Legal Standard infra, and because of the applicable statute of limitations, see Section D of Discussion, infra.

record the regular hours and overtime hours worked by Plaintiff on [his] paystubs, instead leaving these paystub sections blank." (Compl. ¶ 23.)

On June 4, 2014, Plaintiff filed suit in this court, seeking to recover the overtime pay that he contends Defendants owe him under the FLSA. (Compl. ¶¶ 24-30.) Defendants now move to dismiss. They broadly make five assertions: that (1) Maryland law exempts gasoline service stations such as D&S from paying overtime wages to their employees pursuant to the FLSA; (2) an agreement between Plaintiff and Defendants about how Defendants would pay Plaintiff exempts Defendants from the FLSA's overtime wage requirements, pursuant to 29 U.S.C. § 207(g); (3) Danny and In Sook Shin are not liable for D&S's actions because Plaintiff has not stated a legal basis to pierce the corporate veil; (4) laches bars Plaintiff from seeking relief or, in the alternative, Plaintiff's claims are limited by Maryland's three-year statute of limitations for civil actions; and (5) neither Plaintiff nor Defendants engaged in interstate commerce, as defined in the FLSA.[4] (Danny Shin Mot. Dismiss 1-4; In Sook Shin Mot. Dismiss1; D&S Mot. Dismiss 4-8.)

## LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the adequacy of the complaint. *Stewart v. Bierman*, 859 F. Supp. 2d 754, 758 (D. Md. 2012) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Generally, the

---

[4] Although Danny and In Sook Shin characterize this argument as a challenge to the court's subject matter jurisdiction, under Federal Rule of Civil Procedure 12(b)(1), (*see* Danny Shin Mot. Dismiss 1-2; In Sook Shin Mot Dismiss 1), the contention properly falls within the ambit of Rule 12(b)(6) because whether the FLSA applies to Defendants is not a jurisdictional issue. *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007); *Diaz v. Ming & Kent, Inc.*, No. 09-5774, 2010 WL 890040, at *2 (N.D. Cal. Mar. 8, 2010).

complaint must satisfy only the pleading standard of Fed. R. Civ. P. 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Johnson v. Prosperity Mortg. Corp.*, No. 11-CV-02532-AW, 2011 WL 5513231, at *2 (D. Md. Nov. 3, 2011) (citation and internal quotation marks omitted). The Supreme Court has clarified that under Rule 8(a), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complaint must consist of "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering a motion to dismiss, the court must construe the complaint in the manner most favorable to the plaintiff and take all the facts alleged as true. *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 463 (D. Md. 2013). The court also may consider documents attached to the complaint and the motion to dismiss if they are authentic and central to the complaint. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citations omitted).

## DISCUSSION

Congress passed the FLSA "to eliminate 'labor conditions detrimental to the maintenance of the minimum standards of living necessary for health, efficiency, and general well-being of workers.'" *Gionfriddo v. Jason Zink, LLC*, 769 F. Supp. 2d 880, 889 (D. Md. 2011) (quoting Pub. L. No. 75-718, 52 Stat. 1060 (1938) (codified as amended at 29 U.S.C. § 201 *et seq.*)). The FLSA thus "generally requires most employers to compensate employees for all of the hours worked, at a rate that is not

less than the federal minimum wage rate." *Id.* (citing 29 U.S.C. § 206(a)(1)). It also requires most employers to provide their employees with overtime pay for hours worked in excess of forty hours per week. 29 U.S.C. § 207(a).

### A. Whether Maryland Law Exempts Defendants from Paying Overtime Wages Mandated by the FLSA

Much like the FLSA, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Labor & Empl. § 3-401 *et seq.*, requires that "each employer shall pay an overtime wage of at least 1.5 times the usual hourly wage." Md. Code Ann., Labor & Empl. § 3-415(a). Before recent amendments, and during Plaintiff's period of employment at D&S, the MWHL provided an exemption for employers "considered a gasoline service station because the employer is engaged primarily in selling gasoline and lubricating oil, even if the employer sells other merchandise or performs minor repair work." Md. Code Ann., Labor & Empl. § 3-415(b)(4) (repealed 2014). According to Danny and In Sook Shin, this exemption releases them from the overtime wage obligations of the FLSA. (Danny Shin Mot. Dismiss 2-3.)

While Defendants recognize that Plaintiff's cause of action is brought solely under the FLSA, and not the MWHL, Defendants offer no rationale for applying an exemption that exists only under the state law to the federal law. In fact, exemptions from the applicability of the MWHL do not limit the applicability of the FLSA and, therefore, do not exempt Defendants from the FLSA's overtime wage requirements. *See Mould v. NJG Food Serv. Inc.*, No. JKB-13-1305, 2014 WL 2768635, at *3 (D. Md. June 17, 2014) (citing *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 195 (4th Cir. 2007)) (dismissing a state law claim pursuant to the state law exemption while maintaining the

claim under the FLSA); *see also J.S. ex rel. Duck v. Isle of Wight Cnty. Sch. Bd.*, 402 F.3d 468, 478 (4th Cir. 2005) (discussing the Supremacy Clause, U.S. Const. art. 6, cl. 2, and the inability to "engraft state-law elements upon a federal statute"). Consequently, Defendants' motions to dismiss on the basis that gasoline service stations are exempted from the MWHL is denied.

### B. Whether Agreements Between Plaintiff and Defendants Exempt Defendants from the FLSA

D&S maintains that its overtime wage obligations under the FLSA fall within the exception set forth in 29 U.S.C. § 207(g), which states that:

> "No employer shall be deemed to have violated subsection (a) of this section by employing any employee for a workweek in excess of the maximum workweek applicable to such employee under such subsection if, *pursuant to an agreement or understanding arrived at between the employer and the employee* before performance of the work, the amount paid to the employee for the number of hours worked by him in such workweek in excess of the maximum workweek applicable to such employee under such subsection--
> (1) in the case of *an employee employed at piece rates*, is computed at piece rates not less than one and one-half times the bona fide piece rates applicable to the same work when performed during nonovertime hours."

(D&S Mot. Dismiss 5 (emphasis in original) (footnote omitted) (quoting 29 U.S.C. § 207(g)).) D&S asserts that, because Plaintiff worked on a piece rate basis and entered into an employment contract with D&S, (Danny Shin Mot. Dismiss Ex. A), the terms of that agreement supersede the FLSA's overtime wage requirements. (D&S Mot. Dismiss 5-6.)

The remedial nature of the FLSA requires that its exemptions "'be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within [the exemptions'] terms and

spirit.'" *Hurd v. NDL, Inc.*, No. CCB-11-1944, 2012 WL 642425, at *2 (D. Md. Feb. 27, 2012) (brackets in original) (quoting *Darveau v. Detecon, Inc.*, 515 F.3d 334, 337-38 (4th Cir. 2008)); *accord Desmond v. PNGI Charles Town Gaming, LLC*, 564 F.3d 688, 691 (4th Cir. 2009). Moreover, employers bear the burden of proving "by clear and convincing evidence" that an employee qualifies for exemption. *Desmond*, 564 F.3d at 691; *Hurd*, 2012 WL 642425, at *2 (citing *Clark v. J.M. Benson Co.*, 789 F.2d 282, 286 (4th Cir. 1986); *Shockley v. City of Newport News*, 997 F.2d 18, 21 (4th Cir. 1993)). Consequently, courts have held that "the issue of whether defendants are entitled to an exemption is not normally appropriate for resolution in a motion to dismiss." *Farrell v. Pike*, 342 F. Supp. 2d 433, 439 (M.D.N.C. 2004); *see Bohn v. Park City Grp., Inc.*, 94 F.3d 1457, 1461 (10th Cir. 1996); *Dalheim v. KDFWTV*, 918 F.2d 1220, 1226 (5th Cir. 1990). This court agrees and, therefore, denies Defendants' motions to dismiss on this basis. Defendants may seek to prove the existence of a contract meeting the requirements of the exception in the course of the proceeding.

### C.  Whether Danny and In Sook Shin Are Employers Pursuant to the FLSA

Plaintiff alleges that Danny and In Sook Shin were his employers, pursuant to the FLSA, because they owned, operated, and controlled the daily operations of D&S; had the power to hire, fire, suspend, and otherwise discipline Plaintiff; supervised his work; and controlled his work schedule and rate of pay. (Compl. ¶¶ 8-13.) Plaintiff further avers that Defendants "had knowledge that Plaintiff typically worked about fifty (50) hours per week or suffered or permitted Plaintiff to work about fifty (50) hours per week"; "willful[ly] and intentional[ly]" failed to pay him overtime; paid him, in part, in cash and, in part, by check "in an effort to hide the actual number of hours that [he] worked and the

actual pay [he] received"; and "failed to record the regular hours and overtime hours worked by Plaintiff on Plaintiff's paystubs, instead leaving these paystub sections blank." (Compl. ¶¶ 19, 21-23.) In their motions to dismiss, Danny and In Sook Shin contend that they cannot qualify as employers under the FLSA because Plaintiff was an employee of D&S and has not presented allegations sufficient to pierce D&S's corporate veil and thereby render them liable for D&S's alleged actions. (Danny Shin Mot. Dismiss 4.)

The FLSA defines an "employer," in relevant part, as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Federal courts interpret this definition "'broadly to achieve Congress's intent to provide a remedy to employees for their employers' wage and hour violations.'" *Hurd,* 2012 WL 642425, at *5 (quoting *Gionfriddo,* 769 F. Supp. 2d at 890). Whether a person qualifies as an employer turns on the "'economic reality' of the relationship between the employee and the putative employer." *Id.* (quoting *Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006)). The determination "'does not depend on . . . isolated factors but rather upon the circumstances of the whole activity.'" *Id.* (ellipses in original) (quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)). Courts therefore examine multiple factors, "'such as the person's job description, his or her financial interest in the enterprise, and whether or not the individual exercises control over the employment relationship.'" *Id.* (quoting *Gionfriddo,* 769 F. Supp. 2d at 890). Thus, "there is clear legal authority for the imposition of personal liability on a corporate officer that exercises a high level of control for the FLSA violations of a corporation." *Pearson v. Prof'l 50 States Prot., LLC*, No. RDB-09-3232, 2010 WL

Case 8:14-cv-01799-MAB   Document 18   Filed 02/20/15   Page 9 of 13
Civil No. MAB 14-CV-01799                                                                Page 9

4225533, at *3 (D. Md. Oct. 26, 2010) (citation omitted).  "[S]eparate persons or entities that share control over an individual worker may be deemed joint employers under the FLSA."  *Id.* (citing *Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 305 (4th Cir. 2006)).

As these standards indicate, Danny and In Sook Shin's argument that Plaintiff needs to pierce the corporate veil to have them qualify as employers under the FLSA lacks merit.  *Id.* at *5 (citing *Donovan v. Agnew*, 712 F.2d 1509, 1512-14 (1st Cir. 1983)).  Moreover, the court finds the totality of the facts that Plaintiff alleges in the complaint sufficient to state a plausible claim that Danny and In Sook Shin were his employers and, therefore, may be held liable for violations of the FLSA.  *See Iqbal*, 556 U.S. at 678; *Hurd*, 2012 WL 642425, at *5 (holding that plaintiff's allegations that individual defendants were co-owners, partners, and high-ranking executives of company and had authority to hire, fire, and set employment conditions of plaintiff were "sufficient to state a claim that the individual defendants bear liability under the FLSA"); *Pearson*, 2010 WL 4225533, at *4.  The court therefore denies Danny and In Sook Shin's motions to dismiss on this basis.

### D. Laches & Statutes of Limitations

Defendants maintain that the doctrine of laches bars Plaintiff's claim for overtime wages because he did not previously raise the issue during his alleged thirteen years of employment.  (Danny Shin Mot. Dismiss 3-4 (citing Danny Shin Aff. ¶ 8); D&S Mot. Dismiss 6-8.)  In the alternative, they assert that Maryland's default three-year statute of limitations for civil actions, Md. Code Ann., Cts. & Jud. Proc. § 5-101, precludes Plaintiff from recovering any lost wages prior to three years before the filing of the complaint, i.e. June 4, 2011.  (Danny Shin Mot. Dismiss 3; D&S Mot. Dismiss 8.)

Laches "is a defense in equity against stale claims." *AC & R Insulation Co. v. Pa. Mfrs. Ass'n Ins. Co.*, 993 F. Supp. 2d 539, 549 (D. Md. 2014) (citation and quotation marks omitted). The doctrine "is based on the maxim that equity aids the vigilant, not those who sleep on their rights." *Lyons P'ship v. Morris Costumes, Inc.*, 243 F.3d 789, 797 (4th Cir. 2001) (footnote omitted) (citing *Ivani Contracting Corp. v. City of N.Y.*, 103 F.3d 257, 259 (2d Cir. 1997)). It applies "only in equity to bar equitable actions, not at law to bar legal actions." *Id.* As such, courts will not apply the doctrine of laches to legislatively created causes of action, particularly when accompanied by a statute of limitations. *Id.* at 798 ("[B]ecause laches is a judicially created doctrine, whereas statutes of limitations are legislative enactments, . . . 'the [Supreme] Court has been circumspect in adopting principles of equity in the context of enforcing federal statutes.'" (second brackets in original) (quoting *Cnty. of Oneida v. Oneida Indian Nation*, 470 U.S. 226, 262 n.12 (1985))) ("[W]hen considering the timeliness of a cause of action brought pursuant to a statute for which Congress has provided a limitations period, a court should not apply laches to overrule the legislature's judgment as to the appropriate time limit to apply for actions brought under the statute."); *Bond v. Marriott Int'l, Inc.*, 971 F. Supp. 2d 480, 491 (D. Md. 2013).

The FLSA is a congressionally created statutory scheme which contains its own statute of limitations. The statute states that a suit for unpaid overtime compensation "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be

commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). Consequently, the court will apply the statute of limitations, and not the doctrine of laches, to limit Plaintiff's avenues of relief.

Plaintiff has alleged that Defendants willfully failed to pay him overtime wages, (Compl. ¶¶ 19-23, 30), which would permit him to recover under the FLSA's three-year statute of limitations, 29 U.S.C. § 255(a).  Because Plaintiff filed suit on June 4, 2014, any claim for relief for unpaid overtime wages prior to June 4, 2011, is time-barred by the FLSA's statute of limitations, and Defendants' motions to dismiss are granted, in part, as to any claims asserted for unpaid wages prior to July 4, 2011.[5]

### E. Whether Plaintiff or Defendants Are Engaged in Interstate Commerce

Defendants assert that neither they nor Plaintiff were engaged in interstate commerce, a requirement for an employee to fall within the overtime wage provisions of the FLSA.  (Danny Shin Mot. Dismiss 1-2 (citing Danny Shin Aff. ¶ 19); D&S Mot. Dismiss 4-5.)

Pursuant to the FLSA,

> no employer shall employ any of his employees who in any workweek is *engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce*, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours

---

[5] Defendants' contention that Maryland's default statute of limitations for civil actions, Md. Code Ann., Cts. & Jud. Proc. § 5-101, applies to this case is inapposite.  As discussed herein, the applicable statute of limitations is that found in the FLSA.

> above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1) (emphasis added). The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). It defines "enterprise engaged in commerce" as an enterprise that

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1)(A). Thus, even when business activities occur only locally, they fall within the FLSA "when an enterprise employs workers who handle goods or materials that have moved or have been produced in interstate commerce." *Brock v. Hamad*, 867 F.2d 804, 808 (4th Cir. 1989) (per curiam); *accord Farrell*, 342 F. Supp. 2d at 438.

In his complaint, Plaintiff alleges little to support his contention that Defendants engaged in interstate commerce. Plaintiff conclusorily asserts that D&S engaged in interstate commerce, (Compl. ¶ 5), and proffers only a single fact which the court can construe as relating to this legal assertion – that he worked for Defendants as a mechanic at a service station. (Compl. ¶ 15.) While the court may "draw on its judicial experience and common sense" to determine whether Plaintiff has stated a plausible claim for relief, *Iqbal*, 556 U.S. at 679, even under that standard, Plaintiff must supply more than a mere recitation of the elements of the cause of action to survive a motion to

dismiss. *Id.* at 681.  The court therefore grants Defendants' motions to dismiss, with leave to amend, on the basis that Plaintiff has failed to adequately allege that he and/or Defendants were engaged in interstate commerce within the meaning of the FLSA.

## CONCLUSION

For the reasons above, the court GRANTS, IN PART, and DENIES, IN PART, Defendants' motions to dismiss.  The court DISMISSES any portion of Plaintiff's claim which accrued prior to June 4, 2011.  It further DISMISSES the remainder of Plaintiff's claim WITHOUT PREJUDICE because Plaintiff has not sufficiently pled facts to support his assertion that he and/or Defendants engaged in interstate commerce within the meaning of the FLSA.  Defendants' motions to dismiss are denied on all other bases.  Plaintiff shall file any amended complaint by March 6, 2015.

/s/
Mark A. Barnett, Judge
United States Court of International Trade
(sitting by designation)

Date: February 20, 2015